NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3423-16T1

STATE OF NEW JERSEY,

 Plaintiff-Appellant,

v.

LEON MACK,

 Defendant-Respondent.
_____________________________

 Submitted September 12, 2017 – Decided October 11, 2017

 Before Judges Reisner and Gilson.

 On appeal from the Superior Court of New
 Jersey, Law Division, Hudson County,
 Indictment No. 16-02-0234.

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for appellant (Frank J.
 Ducoat, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

 Joseph E. Krakora, Public Defender, attorney
 for respondent (Laura B. Lasota, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

PER CURIAM

 N.J.S.A. 2C:39-5(j) provides that the commission of certain

weapons offenses by a person who has a prior conviction of a crime
enumerated in the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2,

is a first-degree crime. The question presented on this appeal

is whether N.J.S.A. 2C:39-5(j) is a substantive statute

identifying a separate crime, or a sentencing enhancement

provision.

 We hold that N.J.S.A. 2C:39-5(j) is a substantive statute

identifying a separate crime subject to indictment and trial by

jury. We, therefore, reverse the April 13, 2017 order of the

trial court that dismissed defendant's indictment charging him

with first-degree knowing possession of a handgun by a person

previously convicted of a crime enumerated in NERA. On remand,

we direct that the trial court address defendant's separate

arguments to dismiss the indictment.

 I.

 On September 8, 2015, defendant Leon Mack allegedly attempted

to enter the Hall of Records in Essex County Courthouse. He had

a bag with him, which he put through the metal detector. An

officer noted that the bag appeared to have a weapon, and a search

of the bag revealed a .25 caliber semi-automatic pistol. Defendant

attempted to flee, but was apprehended.

 A criminal background check disclosed that in 1991, defendant

had been convicted of second-degree aggravated assault. An

 2 A-3423-16T1
examination of the handgun showed that it had allegedly been

defaced.

 A grand jury issued two indictments charging defendant with

four crimes arising out of his conduct on September 8, 2015.

Indictment No. 16-02-234 charged defendant with one count of first-

degree unlawful possession of a weapon in violation of N.J.S.A.

2C:39-5(j). Indictment No. 16-02-0235 charged defendant with

second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-

5(b); fourth-degree possession of a defaced weapon, N.J.S.A.

2C:39-3(d); and fourth-degree resisting arrest, N.J.S.A. 2C:29-

2(a)(2).

 Defendant moved to dismiss Indictment No. 16-02-0234, arguing

that the underlying predicate offense, a 1991 conviction of second-

degree aggravated assault, did not subject him to a charge under

N.J.S.A. 2C:39-5(j) because NERA was not enacted until 1997. The

trial court never reached that issue. Instead, the trial court

held, sua sponte, that N.J.S.A. 2C:39-5(j) was a sentencing statute

and not a substantive statute identifying a separate crime.

Consequently, the trial court dismissed the indictment charging

defendant with a separate crime under N.J.S.A. 2C:39-5(j).

 On leave granted, the State appeals and argues that N.J.S.A.

2C:39-5(j) establishes a separate crime subject to indictment and

trial by jury. Defendant agrees with the State that N.J.S.A.

 3 A-3423-16T1
2C:39-5(j) is a separate crime. Defendant, however, argues that

we should affirm the dismissal of the indictment on separate

grounds. Specifically, defendant contends that because the

underlying predicate act —– second-degree aggravated assault —–

resulted from a conviction in 1991, he is not subject to N.J.S.A.

2C:39-5(j). Defendant asserts that subsection j refers to NERA,

and NERA was enacted in 1997. Moreover, defendant points out that

NERA first listed specific crimes, such as second-degree

aggravated assault, in a 2001 amendment.

 II.

 Whether N.J.S.A. 2C:39-5(j) is a substantive provision

identifying a crime or a sentencing enhancement provision is a

question of law, which we review de novo. See, e.g., State v.

Maurer, 438 N.J. Super. 402, 411 (App. Div. 2014). Both the

statute's plain language and its legislative history support the

interpretation that N.J.S.A. 2C:39-5(j) is a substantive provision

identifying a separate crime. Viewing subsection j in the context

of another provision in the same statutory section is also

instructive. Finally, such an interpretation is consistent with

and supported by the established interpretation of the analogous

criminal statute of certain persons not to possess weapons,

N.J.S.A. 2C:39-7.

 4 A-3423-16T1
 A. The Plain Language and Legislative History

 Statutory interpretation starts with the plain language of

the statute. State v. Malik, 365 N.J. Super. 267, 274 (App. Div.

2003), certif. denied, 180 N.J. 354 (2004). N.J.S.A. 2C:39-5(j)

provides:

 A violation of subsections a., b., c. or f.
 of this section by a person who has a prior
 conviction of any of the crimes enumerated in
 subsection d. of §2 of P.L. 1997, c. 117
 ([N.J.S.A.] 2C:43-7.2) is a first degree
 crime.

The language "first degree crime" plainly means that subsection j

is identifying a separate substantive crime.

 That plain reading is supported by the statute's legislative

history. Subsection j was added to N.J.S.A. 2C:39-5 in 2013, as

part of L. 2013, c. 113, § 1. Cannel, New Jersey Criminal Code

Annotated, comment 1 on N.J.S.A. 2C:39-5 (2017). The statement

supporting that amendment provided, in relevant part:

 This bill upgrades the crime of unlawful
 possession of a firearm to a first degree
 crime in certain circumstances and amends
 various penalty provisions under the Graves
 Act.

 The provisions of the bill make it a crime of
 the first degree for a person to unlawfully
 possess a machine gun, handgun, rifle or
 shotgun, or an assault firearm following a
 conviction for a crime enumerated in
 subsection d. of §2 of P.L. 1997, c. 117
 ([N.J.S.A.] 2C:43-7.[2]) (the No Early Release
 Act.) Under current law, violations of these

 5 A-3423-16T1
 provisions are either a second degree offense,
 in the case of machine guns, handguns and
 assault firearms, or a third degree offense,
 in the case of rifles and shotguns.

 [Sponsor Statement on S2804, 2013 Leg., 215th
 Sess. 1 (N.J. 2013).]

 Comparing subsection j with subsection i of the same statutory

section also supports our interpretation. Compare N.J.S.A. 2C:39-

5(i), with N.J.S.A. 2C:39-5(j). Subsection i expressly identifies

the "sentencing court" as the fact finder. In that regard, the

subsection states in relevant part:

 The sentencing court shall make a finding on
 the record as to whether the aggravating
 circumstances set forth in paragraph (5) of
 subsection a. of N.J.S.A. 2C:44-1 applies, and
 the court shall presume that there is a
 substantial likelihood that the defendant is
 involved in organized criminal activity if
 there is a substantial likelihood that the
 defendant is a member of an organization or a
 group that engages in criminal activity. The
 prosecution at the sentencing hearing shall
 have the initial burden of producing evidence
 or information concerning defendant's
 membership in such an organization or group.

 [N.J.S.A. 2C:39-5(i).1]

1
 Subsection i was held unconstitutional in State v. Grate, 220
N.J. 317 (2015), because it required a sentencing judge to impose
a period of parole ineligibility based on a finding by the judge,
rather than by a jury, that the defendant was involved in organized
criminal activity. Id. at 334. Thus, the Court held that
subsection i violated the Sixth Amendment of the Constitution. Id.

 6 A-3423-16T1
In contrast, subsection j never mentions a sentencing court.

Instead, the statute plainly states that it is creating a "first

degree crime[.]" N.J.S.A. 2C:39-5(j).

 Instead of considering the plain wording of the statute or

its history, the trial court appears to have assumed —– mistakenly

—– that because a defendant's criminal history may properly be

considered as a sentencing factor, see N.J.S.A. 2C:44-1(a)(6),

subsection j was probably a sentencing statute because it

referenced a defendant's prior conviction. Thus, in dismissing

defendant's indictment, the trial court cited Apprendi v. New

Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000),

for the proposition that "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond

the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt." Id. at 490. The trial court

read the holding in Apprendi as authorizing a court to use prior

convictions in sentence enhancing determinations.

 The Apprendi Court's holding followed its decision in

Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219,

140 L. Ed. 2d 350 (1998), which held that a defendant's prior

conviction was not an element of a substantive offense, but rather

a sentencing enhancement provision. In so holding, the Almendarez-

Torres Court considered the language used in the statute, the

 7 A-3423-16T1
title of the statute ("Criminal penalties for reentry of certain

deported aliens"), the congressional intent to enhance penalties

rather than create a new offense, and the absence of other federal

statutes that include a defendant's prior conviction as an element

of the offense. Id. at 230-34.

 N.J.S.A. 2C:39-5(j) is distinguishable from the statute at

issue in Almendarez-Torres for two reasons. First, the plain

language of N.J.S.A. 2C:39-5(j) demonstrates that the addition of

subsection j created a separate substantive crime. Second, the

legislative history of the 2013 amendment, including the sponsor

statement, shows the Legislature's intent to create a new first-

degree crime, not a sentencing enhancement provision.

 B. The Analogous Certain Persons Offense

 Finally, contrary to the trial court's analysis, interpreting

N.J.S.A. 2C:39-5(j) as a substantive criminal statute is

consistent with the established interpretation of the analogous

crime of certain persons not to possess weapons, N.J.S.A. 2C:39-

7. To establish a defendant's guilt under that statute, the State

must prove beyond a reasonable doubt that defendant possessed a

firearm and he had been previously convicted of an enumerated

crime. State v. Ragland, 105 N.J. 189, 194 (1986). See Model

Jury Charge (Criminal), "Certain Persons Not to Have Weapons"

(2005). Similar to the certain persons offense, N.J.S.A. 2C:39-

 8 A-3423-16T1
5(j) requires proof that defendant possessed a particular type of

firearm and defendant is "a person who has a prior conviction of

any of the crimes enumerated" in NERA.

 In summary, we hold that N.J.S.A. 2C:39-5(j) identifies a

substantive crime. Accordingly, we reverse the trial court's

April 13, 2017 order in this matter.

 III.

 Defendant argues that we should go on to address the arguments

that he made in support of his motion to dismiss the indictment

charging him with violating N.J.S.A. 2C:39-5(j). The State also

urges us to exercise our discretionary original jurisdiction under

Rule 2:10-5. In contrast to defendant, however, the State argues

that we should deny defendant's motion to dismiss the indictment

for substantive reasons. We decline this invitation. Instead,

we remand this matter to the trial court directing that the court

address and rule on the arguments presented by defendant in his

motion to dismiss the indictment charging him with violating

N.J.S.A. 2C:39-5(j).

 Reversed and remanded. We do not retain jurisdiction.

 9 A-3423-16T1